UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEONARD GREGORY WALKER,

              Plaintiff,              Case No.  1:14-cv-170

v.                                                  Honorable Robert J. Jonker

BONITA HOFFNER et al.,

              Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Leonard Gregory Walker presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility although the events about which he complains took place while he was housed at the Lakeland Correctional Facility. Plaintiff sues the following Defendants: Warden Bonita Hoffner, Unknown Party #1 named as Deputy Warden of Housing, Unknown Party #2 named as Acting Inspector, Captain (Unknown) Watson, and Correctional Officer (Unknown) Boatman.

Plaintiff brings claims for intentional infliction of emotional distress and conspiracy to violate civil rights under 42 U.S.C. § 1985. As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff alleges that on July 29, 2013, Defendant Boatman "allegedly found contraband (i.e. institutional made knife) within the area of control of the Plaintiff." (Compl., docket #1, Page ID# 3). Defendant Boatman placed Plaintiff in handcuffs and took him to a holding area at the "Control Center." (*Id.*) Plaintiff alleges that he was then left in the holding area, contrary to MDOC rules, regulations, policies and procedures. Plaintiff alleges that he "was forced to endure being subjected to treatment . . . which caused unwarranted mental distress." (*Id.*) Plaintiff alleges that while he was in the holding facility, passing correctional officers would make "degrading comments regarding his bodily odor." (*Id.*) These comments allegedly caused Plaintiff emotional distress because there was no running water within the holding facility. Plaintiff alleges that he "attempted, in vain, to rectify the subjection of his personage to such unsanitary conditions, within verbal address, as well as intramural corresponding complaints, to the aforementioned Defendants, to no apparent avail." (*Id.*)

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 1. **Supervisory Liability**

Plaintiff fails to alleges that Defendants Hoffner, Unknown Party #1 named as Deputy Warden of Housing; Unknown Party #2 named as Acting Inspector; or Captain (Unknown) Watson engaged in any activity at all, let alone active unconstitutional conduct. Rather, as to each Defendant, Plaintiff alleges only that he or she supervised other employees.

A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300

(6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Hoffner, Unknown Party #1 named as Deputy Warden of Housing, Unknown Party #2 named as Acting Inspector, or Captain (Unknown) Watson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### 2. Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants had the following duties: to refrain from inflicting emotional distress upon him; to refrain from subjecting him to conditions that would degrade and humiliate ordinary citizens and would shock the conscience; and to refrain from treating him in an extreme and outrageously abusive manner. Plaintiff alleges that Defendants breached each of these duties and as a result he suffered and continues to suffer damages.

Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Intentional infliction of emotional distress is a tort sounding in state law. *See McCahill v. Commercial Ins. Co.*, 179 Mich App 761, 768, 446 N.W.2d 579, 582 (1989) (holding that [t]o state a claim for intentional infliction of emotional distress, a plaintiff must show Defendants engaged in "(1) extreme and outrageous conduct, (2) which intentionally or recklessly, (3) causes, (4) extreme emotional distress.")

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

Even if the Court were to construe Plaintiff's allegations to be a claim under the Eighth Amendment, Plaintiff still would not state a claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions

intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff fails to set forth any facts to suggest that he faced a serious risk to his health or safety. Plaintiff alleges that correctional officers who passed him while he was in the holding area made degrading comments about Plaintiff's body odor. However, the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

Additionally, Plaintiff alleges that he was subjected to unspecified unsanitary conditions. An Eighth Amendment claim based on inhumane conditions of confinement has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the deprivation suffered is sufficiently serious.

*Id.* In other words, the inmate must show that a prison official's acts or omissions resulted "in the denial of 'the minimal civilized measure of life's necessities'" *Id. (quoting Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).) The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind. In a prison conditions case, that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991).)

Plaintiff does not state the nature of the unsanitary conditions or how long he was made to suffer in unsanitary conditions. Allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). Although Plaintiff alleges that the correctional officers degrading comments caused him distress because the holding area in which he was being kept did not have running water, it is unclear if the lack of running water caused the unsanitary condition about which Plaintiff complains. Without any facts suggesting how the absence of running water in the holding area created a serious risk to Plaintiff's health or safety, Plaintiff fails to state an Eighth Amendment claim.

### 3.      **Conspiracy §1985**

Plaintiff alleges that "Defendants by express or implied agreement, reached an understanding that, together, they would deny or delay Plaintiff access to hygienical necessities, water and humane conditions." (Compl., docket #1, Page ID# 4). Plaintiff alleges that "Defendants

engaged in concerted overt acts or omissions to deny or delay Plaintiff access to hygienical necessities, water, and humane conditions in violation of Plaintiff's constitutional rights." (*Id.*) Plaintiff alleges that as a result of Defendants concerted actions Plaintiff suffered and continues to suffer damages. Additionally, Plaintiff alleges that the Defendants' conduct violated his Eighth Amendment rights by subjecting him to unsanitary conditions as a penalty for his misconduct. Finally, Plaintiff alleges that Defendants conduct was "intentional, willful, malicious, in bad faith and undertaken with deliberate indifference and disregard for his health and welfare entitling him to punitive damages" and that Defendants were "deliberately indifferent to Plaintiff need and Constitutionally Amended rights to access to sanitary conditions of confinements." (*Id.*)

Because Plaintiff brings this action under 42 U.S.C. § 1983 and alleges a claim for conspiracy under 42 U.S.C. §1985, the court considers each of these claims independently. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action.'" *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

Similarly, to state a claim for conspiracy under § 1985, a plaintiff must allege facts showing that (1) two or more persons conspired (2) for the purpose of depriving the plaintiff of the equal protection of the laws and (3) that the conspirators committed an overt act (4) that injured the plaintiff. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40

F.3d 837, 839 (6th Cir. 1994)). The § 1985 plaintiff also must demonstrate that the conspiracy was motivated by a class based animus, such as race. *Radvansky*, 395 F.3d at 314; *Johnson*, 40 F.3d at 839; *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). Under both § 1983 and § 1985, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient to state a claim. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996).

Plaintiff fails to make factual allegations sufficient to support a conspiracy claim under 42 U.S.C. §§1983 or 1985(3). Plaintiff fails to allege any facts to suggest that Defendants established a plan to deprive Plaintiff of a constitutional right. Plaintiff alleges that Defendant Boatman found a knife in Plaintiff's area of control, handcuffed Plaintiff and took him to a holding area. Plaintiff makes no allegations to suggest that once Plaintiff was in the holding area any of the named Defendant undertook any actions at all. Plaintiff alleges that "passing correctional officers" made degrading comments, but those officers are not named Defendants nor are there any allegations that their conduct was in furtherance of a conspiracy. Additionally, with regard to his conspiracy claim under § 1985(3), even if Plaintiff had alleged facts sufficient to show an agreement between the Defendants to deprive Plaintiff of a constitutional right, Plaintiff has not set forth any facts to suggest class based animus motivated Defendants actions or that Defendants actions violated

Plaintiff's equal protection rights. *Radvansky*, 395 F.3d at 314. Consequently, Plaintiff fails to state a claim for conspiracy.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claim for intentional infliction of emotional distress will be dismissed without prejudice. All other claims in Plaintiff's complaint will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:      April 22, 2014              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE